UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**JOHN HATZFELD,**

                           **Plaintiff,**

            v.                                          9:04-CV-0159

**GLENN S. GOORD, Commissioner; LESTER WRIGHT,**
**Chief Medical Officer; FRANK R. HEADLY, Dep. Comm.;**
**JOHN W. BURGE, Supt., Auburn Correctional Facility;**
**MARK RABIDEAU, Dep. Supt., Auburn Correctional Facility;**
**D. McCLENDON, RSAT Coordinator, Auburn Correctional**
**Facility; W. ROBINSON, Nurse Administrator, Auburn**
**Correctional Facility; S. AHSAN, Med. Dir., Auburn**
**Correctional Facility; ANTHONY GRACEFFO, M.D.,**
**Auburn Correctional Facility,**

                          **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

John Hatzfeld
Plaintiff, *pro se*

Hon. Eliot Spitzer, Attorney General, State of New York
Maria Moran, Esq., Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204
Attorneys for Defendants

**Hon. Norman A. Mordue, D.J.:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      Plaintiff John Hatzfeld, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), filed this civil rights action pursuant to 42 U.S.C. § 1983 to challenge defendants' requirement that, prior to receiving treatment for the hepatitis C virus ("HCV"), he participate in a Resident Substance Abuse Treatment ("RSAT") program or Alcohol Substance Abuse Treatment ("ASAT") program (collectively "RSAT/ASAT program").

[1] Plaintiff, who has identified himself as an atheist since 1996, claims that the RSAT/ASAT programs are faith-based and that the requirement that he participate in such a program violates the Establishment Clause of the First Amendment.  Plaintiff also claims that he has no history of substance abuse and that defendants' conduct in withholding medical treatment until he participates in an RSAT/ASAT program constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Presently before the Court is plaintiff's motion seeking an injunction in the form of an order compelling defendants to treat his medical condition immediately.  In the alternative, plaintiff seeks an order commuting his current sentence to time served and releasing him so that he might secure treatment; this relief is denied.

## FACTUAL BACKGROUND

The complaint alleges that plaintiff, who has been in DOCS custody since 1995, was diagnosed with HCV in March 2000.  Upon referral by Anthony Graceffo, M.D., plaintiff's primary health care provider at Auburn Correctional Facility, a liver biopsy was performed on September 30, 2002.  Following the biopsy, Phillip Holzapple, M.D., a gastroenterologist, provided a report dated December 18, 2002.  The report, which is attached to the complaint, states:

> 48 year old male, hepatitis C with grade 2/4 inflammation and stage 3/4 fibrosis.  He meets criteria for therapy and may benefit from therapy in that progression of fibrosis may be halted.
> Rec:
>     (1) Pegylated interferon combined,
>     (2) Ribavarin 1000 mg. daily,
>     (3) Check hepatitis C viral [?] level in 3 months,
>     (4) Check genotype[.]

---

[1] The record does not disclose the differences, if any, between these two programs.

This recommended course of treatment is referred to hereinafter as "HCV treatment."

According to plaintiff's complaint, on December 26, 2002, Dr. Graceffo informed him of the results of the biopsy and requested that he sign a waiver to participate in an RSAT/ASAT program. Plaintiff responded that he would not participate in the program due to his religious beliefs and because he had no institutional record of drug or alcohol abuse.

Thereafter, plaintiff sent letters to DOCS health officials and filed a grievance alleging that the RSAT/ASAT program is religious-based, that he refuses to participate because he is an atheist, that no alternative program has been offered, that he has no record of alcohol and drug-related problems, and that defendants continue to refuse to provide him with HCV treatment unless he participates in an RSAT/ASAT program. Documents attached to the complaint reflect defendants' continued insistence that plaintiff participate in the program prior to receiving HCV treatment. The complaint alleges that defendants' conduct discriminates against plaintiff on the basis of his religious beliefs, forces him to participate in a religious-based program prior to receiving adequate medical care, deprives him of life, liberty and property without due process, and subjects him to cruel and unusual punishment by unjustly denying medical care for a potentially life-threatening disease. In addition to demanding monetary damages, the complaint requests that plaintiff receive treatment without first being forced to participate in an RSAT/ASAT program.

In support of the present motion, plaintiff affirms that "he has maintained an Institutional Disciplinary Record free of any drug and/or alcohol related offenses for his entire time of incarceration, to date approximately twelve years." He submits a copy of his disciplinary record, which supports this assertion. He also attaches an article from a DOCS publication which refers

to the ASAT program as having a "religious component." [2]

Also in support of this motion, plaintiff submits a medical report, dated April 14, 2004, by Bipin-Gas Saud, M.D., stating that plaintiff:

> Meets criteria for Rx for Hep. C.
> Pt. refused ASAT program.
> No Rx @ this time.

Plaintiff further includes an affidavit from another inmate, Jeffrey Pelkey, who states that he received HCV treatment in September, 2004, without having participated in an RSAT/ASAT program, despite the fact that he tested positive for marijuana in 2002 and 2003.

In opposition to the motion, defendants contend that plaintiff has failed to establish that he is entitled to injunctive relief directing defendants to give him HCV treatment despite his refusal to participate in an RSAT/ASAT program. Defendants have not, however, presented any evidence disputing plaintiff's claims that HCV treatment has been prescribed for him, that he has no institutional record of drug or alcohol abuse, and that the RSAT/ASAT program he has been required to participate in is faith-based. This is so despite the fact that the Court gave defendants an opportunity to submit supplemental papers in opposition to the instant motion based upon their review of plaintiff's medical records, which were not available to defendants when they filed their initial response. Defendants' supplemental submission consists solely of an affidavit of counsel which states, in part, that "there is nothing in plaintiff's medical records that disputes or contradicts ... [DOCS'] position that there is sound medical reason for requiring the plaintiff to take a remedial program, such as the ... [RSAT/ASAT] program, prior to receiving the intereferon/ribavarin treatment he desires. Furthermore, there are no notations from any of plaintiff's treating physicians that he should receive such treatment notwithstanding DOCS'

---

[2] See Footnote 3, *infra*.

policy."

## DISCUSSION

**Preliminary Injunction Standard**

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, the party seeking the injunction must show a threat of irreparable injury if the injunction is not granted and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotes omitted). Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief sought, the injunction sought is properly characterized as mandatory rather than prohibitory. A party seeking a mandatory injunction must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm should the injunction not be granted. *See id.* at 473-74. The Court treats the instant motion as seeking mandatory rather than prohibitory relief; accordingly, plaintiff must make a clear or substantial showing of the likelihood of success.

Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

**Irreparable Harm**

With respect to irreparable harm, the Second Circuit has explained:

> Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction. Accordingly, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered. The movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.

*Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233-34 (2d Cir. 1999) (citations and internal quotes omitted).

Plaintiff has demonstrated that he was diagnosed with HCV in 2000, that in late 2002, after a liver biopsy, Dr. Holtzapple recommended that he receive HCV treatment, and that in April 2004 Dr. Saud concluded that plaintiff met the criteria for HCV treatment. Nothing in Dr. Holtzapple's report indicated that treatment should not be commenced shortly; indeed, based on the recommendation that plaintiff's hepatitis C viral level be checked in three months, it appears that Dr. Holtzapple anticipated that treatment would begin directly. The record further establishes that plaintiff has at all times been denied treatment based not on his medical condition but solely on his refusal to participate in an RSAT/ASAT program. Defendants have submitted no evidence to the contrary.

Courts have recognized that HCV qualifies as a serious medical condition for purposes of Eighth Amendment analysis. *See Conti v. Goord*, No. 9:01-CV-1069 p. 12 (N.D.N.Y. Aug. 13, 2004) (unpublished Decision and Order of Joseph M. Hood, D.J.); *Johnson v. Wright*, 234 F.Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 2002 WL 338375, at *8 (S.D.N.Y. Mar.4, 2002) (citing cases); *Carbonell v. Goord*, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000). Also, plaintiff submits an article from Time Magazine, February 14, 2005, listing HCV as a carcinogen. Defendants present no evidence – medical or otherwise – even suggesting that HCV is not a serious medical condition.

On this record, then, plaintiff has established that he has been diagnosed with HCV, a

serious medical condition, that treatment has been prescribed, and that treatment has been denied for over two and a half years for reasons wholly unrelated to his medical condition. Defendants have done nothing to dispute plaintiff's showing; rather, they argue only that plaintiff has not shown that he will suffer irreparable harm. Given plaintiff's position as an indigent *pro se* inmate, however, it is difficult to imagine what further showing of irreparable harm could be required of him. Under all of the circumstances, plaintiff has shown that he will likely suffer irreparable harm in the absence of injunctive relief.

**Likelihood of Success on the Merits**

The Court now turns to the requirement that plaintiff show a likelihood of success on the merits of his claim that defendants' refusal to provide him with HCV treatment constitutes deliberate difference to his serious medical needs in violation of the Eighth Amendment. The Court again notes that, because plaintiff seeks mandatory rather than prohibitory relief, he must make a "clear" or "substantial" showing on this issue.

In order to prevail on an Eighth Amendment claim involving prison medical care, an inmate must establish that the defendants acted with deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). The deliberate indifference standard embodies two elements: first, the alleged deprivation must be, in objective terms, "sufficiently serious"; and second, the official must act with a sufficiently culpable state of mind. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).

As discussed above, this Court has already concluded that for purposes of this motion plaintiff has demonstrated that his diagnosis of HCV constitutes a serious medical need. The Court finds that the objective element is clearly established.

With respect to the subjective element – whether the prison official acted with a sufficiently culpable state of mind – an inmate must demonstrate more than "an inadvertent

failure to provide adequate medical care" to establish Eighth Amendment liability. *See Estelle*, 429 U.S. at 105-06 (1976). Rather, the inmate must show that the official acted or failed to act with deliberate indifference, which requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A prison official acts in a deliberately indifferent manner where he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Here, as stated, plaintiff submits undisputed evidence that defendants are fully aware that he has HCV, a serious medical condition, and that a physician has prescribed treatment. Plaintiff has further demonstrated for purposes of this motion that defendants have denied and continue to deny the prescribed treatment for one reason only: his refusal to participate in an RSAT/ASAT program. There is no evidence of any other basis for the denial of treatment.

Defendants argue that the RSAT/ASAT program requirement is justified. Defendants refer to a finding in the unpublished decision in an unrelated case, *Conti v. Goord*, 9:01-CV-1069, that the concurrent use of interferon and ribavirin with other drugs may render treatment ineffective or even cause toxic effects. On this motion, plaintiff submits his sworn statement that he has no institutional record of substance abuse. He supports this statement with a copy of his disciplinary record. Plaintiff's submissions on this issue constitute a clear showing that there is no medically indicated reason to require him to undergo an RSAT/ASAT program prior to HCV treatment. Despite being given an additional opportunity to respond after receiving plaintiff's medical records, defendants submit nothing to contradict this showing.

Moreover, plaintiff has made a clear showing that his refusal to participate in the RSAT/ASAT program is based on legitimate First Amendment concerns. Plaintiff contends that

the RSAT/ASAT program is faith-based. He attaches to his motion an excerpt from a DOCS publication referring to the ASAT program as having a "religious component" and describing the creation of a non-faith-based substance abuse recovery program at another correctional facility.[3] Courts which have considered the question have found that the ASAT program is based on the Alcoholics Anonymous "Twelve Step" program, "the dominant theme of which is unequivocally religious," and have thus concluded that coerced participation in ASAT violates the First Amendment. *See Alexander v. Schenck*, 118 F.Supp.2d 298, 300 n.1, 301 (N.D.N.Y. 2000), *Griffin v. Coughlin*, 88 N.Y.2d 674, 681, 687 (1996); *see also DeStefano v. Emergency Housing Group, Inc.*, 247 F.3d 397, 407 (2d Cir. 2001); *Warner v. Orange Cty. Dep't of Probation*, 115 F.3d 1068, 1075 (2d Cir. 1997).

In response, defendants argue only that plaintiff has not demonstrated that the RSAT/ASAT program has a religious component. Particularly in view of plaintiff's limited access to such information, this Court finds that the DOCS article submitted by plaintiff as well as the case law cited above suffice to meet plaintiff's burden on this motion. Defendants, although presumably in possession of all relevant evidence on this issue, have done nothing to counter the impact of the DOCS article and the case law. Defendants have made no attempt to ameliorate plaintiff's concerns or to offer him an alternative program, nor have they provided any pertinent evidence to the Court regarding the nature of the program.

---

[3] The article appears in a publication entitled "DOCS Today," January, 2003, and discusses the steps taken by DOCS to comply with the "federal judicial requirement that substance abuse treatment programs steer clear of a religious component." The article describes the creation of a non-faith-based substance abuse recovery program at Livingston Correctional Facility, referred to as a Cognitive Behavior Therapy ("CBT") program. The CBT program is cited as an alternative program for inmates who previously refused to participate in the ASAT program "because of conflicts with their religious beliefs." *Id*. The article also notes that the "ASAT program still embraces the concept of spirituality."

Accordingly, the evidence on this motion demonstrates that defendants know plaintiff has a serious medical need for which a physician has prescribed treatment, and that they have refused to provide plaintiff with the prescribed treatment unless he complies with a precondition which is not medically justified and which infringes his First Amendment rights. This amounts to a clear and substantial showing of a likelihood of success on the merits of plaintiff's claim that defendants have been deliberately indifferent to his medical needs. *See Harrison v. Barkley*, 219 F.3d 132, 138 (2d Cir. 2000) (stating that "(1) outright refusal of any treatment for a degenerative condition that tends to cause acute infection and pain if left untreated and (2) imposition of a seriously unreasonable condition on such treatment, both constitute deliberate indifference on the part of prison officials"; the plaintiff alleged that prison medical officials refused to remove one of his teeth, which was decayed and painful, unless he also agreed to the removal of another tooth); *see also Johnson v. Wright*, 412 F.3d 398, 404 (2d Cir. 2005) (stating that a deliberate indifference claim can lie where prison officials deliberately ignore the medical recommendations of a prisoner's treating physicians).

## CONCLUSION

The Court finds on these motion papers that plaintiff has demonstrated that he will likely sustain irreparable harm in the absence of a preliminary injunction. The Court further finds on these papers that plaintiff has made a clear and substantial showing of a likelihood of success on the merits of his claim that defendants have been deliberately indifferent to his medical needs. Plaintiff is entitled to preliminary injunctive relief. The Court acknowledges that such relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. *See* 18 U.S.C. § 3626(a)(2). Accordingly, the Court finds that the preliminary injunction here should be limited to prohibiting defendants from conditioning plaintiff's receipt of the prescribed HCV treatment upon his participation in an

RSAT/ASAT program. Under the circumstances of this motion, and in view of the narrow and limited relief awarded, the Court finds that such a preliminary injunction will have no potential adverse impact on public safety or the operation of the criminal justice system.

It is therefore

ORDERED that plaintiff's motion for a preliminary injunction (Dkt. No. 36) is granted to the extent set forth herein and otherwise denied; and it is further

ORDERED that defendants are prohibited from conditioning plaintiff's receipt of the prescribed HCV treatment upon his participation in a RSAT/ASAT program.

IT IS SO ORDERED.

September 23, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge