```
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN HATZFELD,                  )
                                )
          Plaintiff,            )         9:04CV0159
                                )
     v.                         )
                                )
GLENN S. GOORD; LESTER          )         MEMORANDUM OPINION
WRIGHT; FRANK HEADLY; MARK      )
RABIDEAU; D. McCLENDON; W.      )
ROBINSON; S. AHSAN; and         )
ANTHONY GRACEFFO                )
                                )
          Defendants.           )
_____)
```

This matter is before the Court upon defendants' motion for summary judgment (Filing No. 114). Plaintiff objects to defendants' motion. Upon review of the motion, the supporting and opposing briefs, and the relevant law, the Court finds that defendants' motion should be granted.

**I. BACKGROUND**

This action was brought pro se under 42 U.S.C. § 1983 by John Hatzfeld, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), who at the time of filing his complaint, was housed in the Auburn Correctional Facility, 135 State Street, Auburn, New York, 13024 (Filing No. 1 at 1). Plaintiff alleges that defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* The defendants in this action are Glenn S. Goord, Commissioner of New York State DOCS; Lester Wright, Deputy Commissioner/Chief Medical Officer for New York State DOCS; Frank R. Headly, Deputy Commissioner of New York

State DOCS; Mark Rabideau, Deputy Superintendent of Auburn Correctional Facility; D. McClendon, RSAT/ASAT Coordinator at Auburn Correctional Facility; W. Robinson, Nurse Administrator at Auburn Correctional Facility; S. Ahsan, Medical Director At Auburn Correctional Facility; and Anthony Graceffo, Medical Doctor at Auburn Correctional Facility.

In April of 2000, plaintiff was notified that he had tested positive for Hepatitis C Virus ("HCV"), an infectious disease affecting the liver, while in custody of the DOCS. *Id.* at 4. Defendant Graceffo, a physician at Auburn Correctional Facility, began monitoring plaintiff's blood for the HCV, for a period of at least six months to two years, before pursuing any further course of treatment. *Id*. at 5. Dr. Graceffo scheduled blood tests every three to four months. *Id*. at 5.

Plaintiff was notified that he would be required to complete the Resident Substance Abuse Treatment and Alcohol Substance Abuse Treatment ("RSAT/ASAT") Program as a condition of any medical treatment for his HCV. *Id.* at 6. Plaintiff objected to participating in RSAT/ASAT because he is an atheist and rejected the religious aspect of the program. *Id.*

On September 30, 2002, after regular blood monitoring by Dr. Graceffo, a liver biopsy was performed on plaintiff at University Hospital in Syracuse. *Id.* Plaintiff's gastroenterologist, Dr. Holtzapple, concluded that plaintiff met the requirements for HCV therapy, and recommended that plaintiff

begin receiving a course of treatment including pegylated interferon therapy and ribaviron.  *Id.*

Defendants claim that in October 2002, DOCS substantially revised its approach to alcohol and substance abuse treatment in correctional facilities -- most notably by removing all arguably religious content from program requirements (including but not limited to any references to God, spirituality, religion, and Twelve Step meeting requirements). *See* D. Bradford Dec., Filing No. 114-4 at para. 8.  Plaintiff, however, disagrees with this contention.  *See* Filing No. 116 at pg. 2.

On December 26, 2002, defendant Graceffo informed plaintiff of the results of the liver biopsy and requested that plaintiff participate in the revised RSAT/ASAT program as an element of treatment (Filing No. 1 at 6).  Plaintiff refused to participate because of his belief that the program still had a religious component, and claims he was not informed the program was so revised to remove all religious content.  *Id.*; Filing No. 116 at 2.

On December 27, 2002, plaintiff wrote letters to defendants Robinson, Dr. Wright, and Dr. Ahsan to address his concerns with Dr. Graceffo's refusal to treat him absent participation in RSAT/ASAT (Filing No. 1 at 6-7).  These three defendants responded to plaintiff's letters, informing him that it was DOCS' policy for HCV patients to participate in RSAT/ASAT prior to medical treatment.  *Id.* at 7.  Plaintiff contacted

defendant McClendon, the RSAT/ASAT Coordinator, who also reiterated to plaintiff that it was a DOCS' policy requirement for HCV patients to participate in the RSAT/ASAT program prior to treatment. *Id.*

On January 15, 2003, plaintiff filed a grievance about the RSAT/ASAT requirement for HCV treatment. The grievance was reviewed by defendant Rabideau, who subsequently denied the grievance. *Id.* at 8. On February 25, 2003, plaintiff appealed the decision to the Central Office Review Committee, but was never given a response. *Id.* at 9. Plaintiff filed this Inmate Civil Rights Complaint on February 12, 2004. *Id.* at 1.

By an order dated September 23, 2005, plaintiff's application for an injunction prohibiting DOCS from conditioning his HCV treatment upon his participation in the RSAT/ASAT program was granted. *See* Filing No. 57 at 10-11. On February 28, 2007, defendants' motion for partial judgment on the pleadings was denied in part, and granted in part as to former defendant John Burge, and as to plaintiff's claims against all defendants in their official capacities. *See* Filing Nos. 72 and 73. Also, plaintiff's Fifth Amendment claims were dismissed, and some of plaintiff's Fourteenth Amendment claims were deemed more properly addressed as Eighth Amendment violations. *See* Filing Nos. 72 and 73.

On March 12, 2008, plaintiff filed another Inmate Civil Rights Complaint. This complaint was based upon a renewed, second request for treatment that plaintiff made on June 30,

-4-

2005, and Dr. Graceffo's continued refusal to treat plaintiff unless plaintiff either enrolled in or completed RSAT/ASAT. *See Hatzfeld II*, 9:08-cv-00283, Filing No. 1. *Hatzfeld II* and this case were consolidated for all purposes. *See* Filing No. 98; *Hatzfeld II*, Filing No. 38. On January 14, 2011, summary judgment was granted in favor of all defendants in *Hatzfeld II*, and plaintiff's complaint was dismissed. *See Hatzfeld II*, Filing Nos. 54, 58 and 59. Defendants' request for leave to move for summary judgment in this case was granted on January 25, 2011 (Filing No. 109).

Although plaintiff's two lawsuits were filed against different sets of defendants (except for Dr. Graceffo and former defendant Burge who are named defendants in both cases), this case and *Hatzfeld II* address similar issues. The Court adopts the legal and factual findings of the *Hatzfeld II* Report-Recommendation and Order on the *Hatzfeld II* defendants' motion for summary judgment that are relevant to the summary judgement issues of this case. *See Hatzfeld II*, Filing No. 54.

**II. DISCUSSION**

Plaintiff alleges his constitutional rights under the First, Eighth, and Fourteenth Amendments have been violated by all named defendants. These allegations are premised upon plaintiff's request for treatment in December, 2002. Plaintiff seeks compensatory and punitive damages.

Defendants claim that (1) defendants Robinson and McClendon were not personally involved in the alleged

-5-

constitutional violations; (2) no rational jury could find in favor of plaintiff on his claims under the Eighth Amendment for deliberate indifference to medical needs; (3) the alcohol and substance abuse programming requirements did not infringe upon any First Amendment rights of the plaintiff as an atheist; (4) the DOCS' treatment guidelines regarding HCV are rationally based and do not violate plaintiff's equal protection rights under the Fourteenth Amendment; (5) defendants are entitled to dismissal of plaintiff's claim for money damages -- the only relief sought herein -- on grounds of qualified immunity; and (6) the undisputed facts cannot support a claim for compensatory damages, nor punitive damages, such that only a claim for nominal damages could survive this motion.  Filing No. 114-6.

### A. LEGAL STANDARD

A motion for summary judgment may be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion.  *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. *Id.* at 586. It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223-24 (2d Cir. 1994); *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks judgment against a *pro se* litigant, a court must afford the non-moving party special solicitude. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a *pro se* litigant is entitled to "special solicitude,"; that a *pro se* litigant's submissions must be construed "liberally,"; and that such submission must be read to raise the strongest arguments that they "suggest[.]" At the same time, our cases have also indicated that we cannot read into *pro se* submissions claims that are not "consistent" with the *pro se* litigant's allegations, or arguments that the submissions themselves do not "suggest,"; that we should not "excuse frivolous or vexatious filings by *pro se* litigants," and that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law."

*Id.* (internal citations and footnote omitted); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-92 (2d Cir.

2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.") (citations omitted).

### B. Personal Involvement of Defendants Robinson and McClendon

Defendants Robinson and McClendon argue that they were not personally involved in any alleged constitutional violations. As the Court has found *infra* in Section II.F. that all defendants are entitled to qualified immunity on plaintiff's Eighth Amendment claims, and in Section II.D. and E. that plaintiff's First and Fourteenth Amendment claims should be dismissed, further review by the Court of these two defendants' personal involvement in plaintiff's claims is unnecessary.

### C. Eighth Amendment

Defendants claim no rational jury could find in favor of plaintiff under either the objective or subjective prong of a deliberate indifference claim of the Eighth Amendment. For prison medical care to the rise to the level of "cruel and unusual punishment" that is prohibited by the Eighth Amendment, plaintiff must establish, objectively, that he suffered a "serious medical need" and, subjectively, that defendants were "deliberately indifferent" to that need. *Martino v. Miller*, 318 F.Supp. 2d 63, 65-66 (W.D.N.Y. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Pursuant to the previous findings of this Court in *Hatzfeld II*, the Court finds plaintiff has raised a

question of fact as to both the objective and subjective prongs of the deliberate indifference standard and defendants' motion based on this ground should be denied. *See Hatzfeld II*, Filing No. 54 at 19-25.

### D. First Amendment

Plaintiff claims that enrolling in the RSAT/ASAT programs or participating in a similar workbook cell study program would have infringed upon his religious beliefs as an atheist. Defendants claim the indisputable facts show that prior to the time plaintiff refused to participate in such programs, DOCS had revised the RSAT/ASAT programs to ensure that they did not offend First Amendment jurisprudence. The Court previously addressed this issue in *Hatzfeld II* and found that plaintiff's First Amendment claim must fail as a matter of law because there is no basis to conclude that plaintiff's required participation in the program would violate his religiously held beliefs because the RSAT/ASAT programs had been revised as defendants' claim. Thus, the Court will grant defendants' motion as to plaintiff's First Amendment claim. *See Hatzfeld II*, Filing No. 54 at 12-16.

### E. Equal Protection

Plaintiff claims that the DOCS' policy of requiring inmates to participate in RSAT/ASAT prior to receiving drug treatment for HCV violated the equal protection provisions of the Fourteenth Amendment. Defendants claim the DOCS' treatment guidelines regarding HCV are rationally based and do not violate plaintiff's equal protection rights under the Fourteenth

Amendment.  Plaintiff contends the alleged discrimination occurred because of both his religious beliefs and handicap of HCV disease, and he is ultimately being held to a higher standard of approval to gain medical treatment than others in similar circumstances, specially those inmates suffering from HIV/AIDS or cancer.

In equal protection claims, prison administrators making classifications, "need only demonstrate a rational basis for their distinction,' . . . or that [the classifications] are 'reasonably related to legitimate penological interests.'" *Doe v. Goord*, No. 04 Civ. 0570, 2005 U.S. Dist. LEXIS 28850 (GBD)(AJP) at *61 (S.D.N.Y. Nov. 22, 2005) (Peck, M.J.) (quoting *Isaraphanich v. Coughlin*, 716 F. Supp. 119, 121 (S.D.N.Y. 1989)).  The "burden is upon the challenging party to negate 'any reasonably conceivable state of facts that could provide a rational basis for the classification.'"  *Doe*, 2005 U.S. Dist. LEXIS 28850 at *59 (*quoting Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001) (internal citations omitted)).  This Court previously found in *Hatzfeld II* that "the record is devoid of any indication that plaintiff was treated differently due to any discriminatory animus on the part of any of the defendants."  *See Hatzfeld II*, Filing No. 54 at 18.  The same holds true in this case; plaintiff has failed to negate the conceivable statements of facts defendants have provided in their brief showing a rational basis for the RSAT/ASAT requirement for

HCV patients as compared to HIV/AIDS or cancer patients. *See* Filing No. at 16–21.

Plaintiff further argues in his reply brief he was discriminated because of his religion. As indicated in Section II.D. *supra*, as the RSAT/ASAT program did not infringe upon plaintiff's beliefs as an atheist, there can be no claim of discrimination based upon plaintiff's religious status.

Plaintiff also advances a "class of one" claim in his reply brief and supplemental brief that he was specifically treated differently from inmate Pelkey, who received HCV treatment despite Pelkey's refusal to participate in RSAT/ASAT. This issue was also addressed in *Hatzfeld II*, and the Court found that plaintiff failed to demonstrate that the treatment of plaintiff as compared to the treatment of Pelkey was based upon discriminatory animus. *See Hatzfeld II*, Filing No. 54, at 16–19. Thus, defendants' motion will be granted as to plaintiffs' Fourteenth Amendment claims.

### F. Qualified Immunity

Defendants further claim they are entitled to dismissal of plaintiff's claims for money damages -- the only relief sought herein -- on grounds of qualified immunity because, in the absence of law to the contrary, it was reasonable for defendants to believe that the RSAT/ASAT requirement did not violate plaintiff's constitutional rights. Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or

-11-

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Aiken v. Nixon*, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002), aff'd 80 F. App'x 146 (2d Cir. Nov. 10, 2003).

The Court previously addressed this issue in *Hatzfeld II*. As discussed in Section II.C. *supra*, a reasonable jury could find that defendants violated plaintiff's Eighth Amendment rights. However, as the defendants in *Hatzfeld II*, the defendants here relied on DOCS' guidelines when they refused to provide plaintiff with treatment. The Court previously held such reliance entitled the *Hatzfeld II* defendants to qualified immunity because:

> The Guideline is constantly developed and revised based upon information from a number of independent medical sources . . . . DOCS relied on those independent sources when it established the [RSAT/ASAT] prerequisite . . . . The medical community recognized that alcohol or drug use could prevent the successful completion of [HCV] treatment, and DOCS promulgated rules in accordance with recommendation from the medical community.

*See Hatzfeld II*, Filing No. 54 at 27 (citations omitted). The Court finds the same for defendants here and their motion will be granted on the ground of qualified immunity.

### G. Damages

In light of the Court's findings, the Court will not address defendants' remaining arguments regarding damages.

**III. CONCLUSION**

All of plaintiffs' claims under the First and Fourteenth Amendment will be dismissed, and all defendants are entitled to qualified immunity as to plaintiff's remaining Eighth Amendment claims.  Thus, defendants' motion for summary judgment is granted and judgment will be entered in favor of all defendants on all claims.

DATED this 16th day of November, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court